# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DEVIN L. BROWN, <br><br> Plaintiff, <br> v. <br><br> C.O. ECK, <br><br> Defendant. | Case No. 16-CV-979-JPS <br><br><br><br> **ORDER** |

On September 29, 2016, the Court screened the plaintiff's original complaint. (Docket #9). The Court found that the plaintiff failed to state any viable claims for relief, but it permitted him to amend his complaint. *Id.* at 4-5. The plaintiff submitted an amended complaint on October 25, 2016. (Docket #10).

As noted in the first screening order, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). All of the standards cited in the first screening order remain applicable here. (Docket #9 at 1-3).

The plaintiff's complaint contains substantial legal argument and citations which the Court must ignore. The factual allegations, however, establish the following. On September 13, 2015, soon after 2:00 a.m., the plaintiff told the defendant that he was having back and chest pain and difficulty breathing. (Docket #10 at 1). The defendant allegedly told the plaintiff that the nurses were gone for the night, so there was no one to see

him. *Id.* The plaintiff alleges that he suffered "unbearable pain for hours, barley [sic] to breathe with throbbing back and chest pain. *Id.* at 2. The plaintiff's exhibits show that he was seen by a nurse the next day, September 14, 2015, who appears to have concluded that he had no detectable medical condition. (Docket #12-1).

The Court finds that, given the very liberal construction required of prisoner complaints at the screening stage, the plaintiff has stated a claim for deliberate indifference. The plaintiff has alleged that he had substantial chest pain, which could be considered a serious medical condition, and that the defendant flatly refused to contact medical professionals to address it. *See Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). He has also alleged that he suffered severe pain as a result of the delay in treatment. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1039-40 (7th Cir. 2012). It appears that these facts are on the lowest end of the spectrum for a cognizable deliberate indifference claim, but that cannot be a basis to dismiss this action at the screening stage.

The Court finds, then, that the plaintiff may proceed on the following claim: the defendant's deliberate indifference to the plaintiff's serious medical needs, pursuant to the Eighth Amendment, based on the parties' conduct on the morning of September 13, 2015.

The Court also addresses the plaintiff's other pending motion. On the same day he submitted his amended complaint, the plaintiff filed a motion containing two separate requests. (Docket #11). The first portion of the motion requests a "stay" on the amended complaint so that the plaintiff could acquire additional exhibits. *Id.* That request will be denied as moot, as the exhibits have been received. (Docket #12). The second portion referenced a previous motion to pay his filing fee from his release account. (Docket #11 and #6). The Court denied the earlier motion as moot, but the plaintiff now

clarifies that he wants permission to pay his full filing fee, not just the initial partial fee, from his release account. (Docket #11).

While it is true that this Court has the authority to order disbursements from a prisoner's release account for payment of an initial partial filing fee ("IPFF"), *see, e.g., Doty v. Doyle*, 182 F. Supp. 2d 750, 751 (E.D. Wis. 2002) (noting that "both the Wisconsin Prison Litigation Reform Act…and the federal Prison Litigation Reform Act [("PLRA")]…authorize the courts to order that…a prisoner's release account be made available [to pay an IPFF]"), this Court lacks the authority—statutory or otherwise—to order that a prisoner may tap into his release account to pay current (or future) litigation costs. *Cf. Wilson v. Anderson*, No. 14-CV-0798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (declining to order that a prisoner's full filing fee be paid from his release account, "[g]iven the [DOC's] rationale for segregating funds into a release account" and the absence of any statutory authority compelling the court to do so).

Notwithstanding the foregoing, denying prisoners the use of their release accounts to fund litigation costs is also prudent given that those accounts are "restricted account[s] maintained by the [DOC] to be used upon the prisoner's release from custody." *Id.* Permitting a prisoner to invade that account for litigation costs could be a detriment to that prisoner's likelihood of success post-incarceration, *see* Wis. Adm. Code. § DOC 309.466 (stating that disbursements from a prisoner's release account are authorized "for purposes that will aid the inmate's reintegration into the community"), especially if the prisoner is overly litigious. As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to fund," *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes that "the limitations

Page 3 of 4

Case 2:16-cv-00979-JPS   Filed 12/05/16   Page 3 of 4   Document 13

on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002). He is not free, however, to tap into his release account to cover those legal costs. In light of the foregoing, the Court is obliged to deny the plaintiff's request to pay the filing fee from his release account.

Accordingly,

**IT IS ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of plaintiff's amended complaint (Docket #10) and this order will be electronically sent to the Wisconsin Department of Justice for service on the state defendant;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, the defendant shall file a responsive pleading to the amended complaint within sixty (60) days of receiving electronic notice of this order;

**IT IS FURTHER ORDERED** that the plaintiff's motion to stay and to pay his full filing fee from his release account (Docket #11) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

Dated at Milwaukee, Wisconsin, this 5th day of December, 2016.

BY THE COURT:

s/ *J. P. Stadtmueller*
J.P. Stadtmueller
U.S. District Judge